BARNARD v. BATEMAN, *Appellant.*

1. **Probate of Wills.** The probate of a will relates to the death of the testator and confers title from that time. The fact, therefore, that a will under which a plaintiff in replevin claims, was not probated until after the bringing of the suit, is no objection to its admission in evidence.

2. ————. A will proved before the clerk in vacation and recorded but the probate of which the probate court has failed to confirm, is not admissible in evidence.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

This was an action for the claim and delivery of personal property. Plaintiff claimed part of the property as legatee under the will of her deceased husband. At the trial she gave evidence showing that after the commencement of the suit proof of the execution of the will was taken by the clerk of the probate court in vacation. Defendant then showed that there had been a term of the probate court since the proof was taken, and that nothing appeared upon the records of the court in relation to the will, except that it had been recorded. Plaintiff had judgment, from which defendant appealed.

*Robinson & Harkless* for appellant.

The time of trial of this cause being subsequent to the final adjournment of the term of probate court held next after the taking of the proof of probate in vacation, the same should not have been admitted in evidence without proof that said certificate of probate had been approved by the probate court. Acts 1877, p. 240, § 6; *Creasy v. Alverson*, 43 Mo. 13; *Pinney v. Pinney*, 8 Barn. & C. 335. The court should not have admitted the will in evidence, because this suit was commenced on January 24th, 1878,

and the supposed proof and certificate of probate were not granted until in February, 1878, after suit was commenced; for to sustain an action of replevin there must have been a former possession or a present right to possession. The plaintiff in this cause never had possession, and, at the date of the bringing of this suit, had no right to it. *Dillons' Adm'r v. Bates*, 39 Mo. 292; *Goodrich v. Pendleton*, 4 John. Ch. 549; *Stagg v. Green*, 47 Mo. 500; *Harper v. Butler*, 2 Pet. 239; *Carpenter v. Going*, 20 Ala. 587; *Stearns v. Burnham*, 5 Me. 261; *Doolittle v. Lewis*, 7 John. Ch. 45; *Ballance v. Frisby*, 2 Scam. 65; *Shepherd v. Nabors*, 6 Ala. 637; *Melton v. McDonald*, 2 Mo. 45; *Phinny v. Warren*, 52 Iowa 332; *s. c.*, 10 N. W. Rep. 157.

*E. Buller* for respondent.

From all that appears in the record in this case the will was regularly probated, and the fact that it was not so probated till after the commencement of this suit does not affect the right of the plaintiff to recover in this action. When probated, it related back to the death of the testator. *Wilson v. Wilson*, 54 Mo. 213; *Richards v. Pierce*, 44 Mich. 444.

SHERWOOD, J.—Under the ruling of this court in *Wilson v. Wilson*, 54 Mo. 213, the fact that a will is not probated until after suit brought, is wholly immaterial, since under that ruling the act of probating relates to the death of the testator, and confers title from that period. But the objection was taken at the trial, that the will had not been probated. It is true it had been recorded, and from this perhaps, it might be inferred that it had been probated, but this recording may have occurred in vacation. If the will had really been probated, the inference is equally strong that the records of the probate court would have contained the evidence of that fact, which confessedly they do not. The statute, section 3989, only permits a will to be read in evidence when proved according to the statutory provis-

ions, recorded and certified by the clerk of the court and attested by his seal of office. So far as this record shows, the will in question has not been proved, nor has it been certified as required by law. As an instrument of evidence it was, therefore, worthless, and the objection to its admission must be held well taken. Therefore, judgment reversed and cause remanded. All concur.