SNUFFER, *Plaintiff in Error*, v. HOWERTON *et al.*

Division Two, November 20, 1894.

1. **Will, Probate of by Clerk in Vacation**: CONFIRMATION BY COURT. The probate of a will is a judicial act and probate by the clerk in vacation is a mere conditional act and of no effect, unless confirmed by the probate court. R. S. 1889, sec. 8880.

2. ———: ———: VACATION OF CONFIRMING ORDER. The effect of vacating the order confirming the clerk's probate of a will, on the same day on which such order of confirmation was made, is to leave the will in the same situation as though the confirming order had never been made.

3. **Will, Probate of**: DEVISEE: TITLE TO LAND. One can not acquire title to land as devisee under a will, where the will has never been established or probated.

4. **Ejectment**: TITLE. Plaintiff can not recover in ejectment without showing a better title than defendant in possession.

*Appeal from    St.   Clair   Circuit   Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Wm. O. Mead* and *Wm. H. Martin* for plaintiff in error.

There is no excuse in the record for defendant's third declaration of law. The will was admitted in evidence without objections, and the proper proof and the certificate of probate given by the clerk of that court, accompanied it, all of which had been admitted to record; at the next term of the probate court after such action by the clerk, the court made an entry confirming and approving the action of the clerk, and

afterward the court set aside its order of approval, but never disapproved the action of the clerk; after the action of the clerk in admitting the will to probate, and before the next term of the probate court, the clerk granted letters of administration with the will annexed to John T. Metcalf, took and approved his bond as such, and under this bond and letters, he administered said estate, including the sale under which defendants claim, and defendants are estopped, for if the probate of the will is void, the grant of letters is void, and defendants in their second declaration of law procure the trial court's sanction to the following: "The administrator's deed from John T. Metcalf, as administrator of Elizabeth Estes, deceased, to Jacob Donovan, passed the title to Donovan, and his grantee and plaintiff can not recover." The grant of letters by the clerk in vacation, is under the statute to be approved or disapproved in term time, the same as the probate of wills. The court erred in giving this declaration. It should have been refused.

*John H. Lucas* with *Lee Crook*, for defendants in error.

We do not regard it as necessary to a determination of this matter to cite authorities to maintain the correctness of the action of the court in excluding from his consideration the purported will under which appellant claimed. If respondent's first contention be correct, then of necessity the court excluded the same from his consideration. But the court excluded this paper for the further reason that the action of the clerk in vacation had never been confirmed by the court in term time. *Barnard v. Bateman*, 76 Mo. 414; R. S. 1889, sec. 8897. The judgment is for the right party and should be affirmed. R. S. 1889, sec. 2303; *Fitzgerald v. Barker*, 96 Mo. 666.

SHERWOOD, J.—Ejectment for land in St. Clair county; pleadings in usual form; plaintiff unsuccessful and brings error.

The common source of title is Theodoric Snuffer. Defendants admit that they are in possession of the premises. Plaintiff claims as devisee under the will of Elizabeth Estes, deceased, she having prior to her death bought the premises at administration sale of the estate of Theodoric Snuffer, and received and recorded a deed therefor.

Defendants claim under an administration sale of the same land as that of Elizabeth Estes, having received a deed from the administrator. The will of Elizabeth Estes was probated before the clerk of the probate court in vacation. Afterward in term time an order was entered by that court approving the probate of the will as made in vacation, and on the same day an order was entered setting aside the order of approval.

On this state of facts the trial court among others gave, at the instance of defendants, this declaration of law:

"The instrument offered in evidence purporting to be the will and testament of Elizabeth Estes, deceased, is excluded from consideration and plaintiff can claim no rights thereunder."

This declaration of law was properly given. The statutory provisions governing this point, so far as necessary to be quoted, are the following:

"Section 8880. The probate court, or clerk thereof in vacation, subject to the confirmation or rejection by the court, shall take proof of last wills." R. S. 1889.

The probate of a will is a *judicial* act. The act of the clerk in admitting the will to probate in vacation, is a mere conditional act; worthless until and unless confirmed by the probate court. *Jourden v. Meier*, 31

Mo. 40; *Creasy v. Alverson*, 43 Mo. 13; *Barnard v. Bateman*, 76 Mo. 414. Here, the act of the clerk in admitting the will to probate was confirmed, and then on the same day set aside. This vacation of the order of confirmation left the will in the same situation as though the confirming order had never been made.

Counsel for plaintiff seem to think that the vacating order did no hurt "because it nowhere *disaffirms* the action of the clerk in admitting the will to probate;" but this view wholly overlooks the worthlessness of the act of the clerk until it meets with judicial confirmation, which, of course, is an *affirmative and judicial recorded act*.

As plaintiff's case proceeds on the theory of his being a devisee under the will, and as that will in contemplation of law has never been established or probated, it is needless to inquire into the goodness of defendants' title; they are in possession and a better title than theirs must be shown before ejectment brought against them can prove successful. Therefore, judgment affirmed. All concur.