OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1911.

(Continued from Volume 241)

## V. G. FARRIS et al. v. F. B. BURCHARD et al., Appellants.

**Division One, March 29, 1912.**

1. **WILL: Probate: Record Matter.** A will cannot take effect until it is probated, and it is not probated until the court having jurisdiction so declares by its judgment entered upon its record. Proof of the will may be taken in vacation by the clerk or the court, and may be indorsed on the will itself, and that proof may be sufficient to justify the court, if it so adjudges, at the next or perhaps a subsequent term, to enter its judgment declaring the will duly probated, but the court may reject that proof and refuse to probate it, for the statute says that the proof is "subject to the conformation or rejection of the court." That proof is not a probate, and will not alone authorize the court to presume that it has been probated.

2. ————: ————: ————: **No Record.** If the record does not show that the will was probated, and it has never been recorded either in the probate court or the recorder's office, and there is nothing attached to it or to be found in the papers in the case to show that it has ever been probated, except an indorsement of proof on its back, it will not be held to have been probated, in a suit in which title to land depends upon its validity.

Appeal from Gasconade Circuit Court.—*Hon. R. S. Ryors,* Judge.

REVERSED AND REMANDED.

*August Meyer, C. G. Baxter* and *Robert Walker* for appellants.

(1) A will is a muniment of title only if duly probated; and the probate of a will is a judicial act, which can be shown only by the record of the court. Creasy v. Alverson, 43 Mo. 13; Smith v. Estes, 72 Mo. 310; Sniffer v. Howerton, 124 Mo. 637; Stowe v. Stowe, 140 Mo. 594; Cohen v. Herbert, 205 Mo. 537. (2) Probate courts, under our laws, have original jurisdiction of the probating of wills; and there is no probate of a will unless there has been a judicial pronouncement by the probate court establishing a will as legally proved. Jourden v. Meier, 31 Mo. 40; Smith v. Estes, 72 Mo. 310; Sniffer v. Howerton, 124 Mo. 637. (3) Taking evidence to pronounce a will as proved is not a judicial pronouncement of the probate of a last will. Jourden v. Meier, 31 Mo. 40; Charlton v. Brown, 49 Mo. 353; Barnard v. Bateman, 76 Mo. 414; Rothwell v. Jamison, 147 Mo. 601. (4) Although it has been held that the judicial pronouncement of probate of a will may be inferred from certain other official acts and proceedings, yet it will be found that in all these cases the presumption of probate of a will was indulged in on the sole ground that such official acts and proceedings could not have occurred except through a judicial pronouncement of probate of a will. If such official acts could have been performed legally without any probate of a last will, then such acts and proceedings prove nothing in the way of probate of a last will. 14 Ency. of Evidence, p. 489; Marcy v. Marcy, 6 Metc. (Mass.) 360; Fortheree v. Lawrence, 30 Miss. 418; Holliday v. Ward, 19 Pa. St. 489; Guthrie

v. Kerr, 85 Pa. St. 303; In re Coleman, 163 Pa. St. 334; Opp v. Chess, 204 Pa. St. 401. (5) The granting of letters to Peter W. Burchard on the estate of James Johnson, deceased, did not have to proceed from a judicial pronouncement of probate of the purported last will of James Johnson. Peter W. Burchard was not appointed as executor in said purported will, nor was anybody else appointed who could have renounced as executor under said purported will. Letters could have issued to Peter W. Burchard or anybody else without any probated will. Holliday v. Ward, 19 Pa. St. 489; Fotheree v. Lawrence, 30 Miss. 418; Rothwell v. Jamison, 147 Mo. 601. (6) Wills, after being probated, must be recorded, and were required to be recorded in 1865 when James Johnson died. Sec. 26, c. 167, R. S. 1855; Sec. 25, ch. 131, R. S. 1865; Sec. 4630, R. S. 1899; Sec. 563, R. S. 1909; Kieth v. Kieth, 97 Mo. 223; Graves v. Ewart, 99 Mo. 13. (7) The purported last will of James Johnson, deceased, was neither probated nor recorded. Presented on the trial of this cause in the condition of not being recorded and certified by the clerk of the court, and attested by his seal of office, it was, against objection by defendant, no evidence of title. Sec. 27, ch. 167, R. S. 1855; Sec. 26, ch. 131, R. S. 1865; Sec. 4631, R. S. 1899; Sec. 564, R. S. 1909; Barnard v. Bateman, 76 Mo. 414. (8) Defendant by himself, as well as grantee of persons having paid valuable consideration for said land, without notice of the purported will of James Johnson, and without means of knowing of the same, is entitled to be protected. This court has repeatedly held that outside wills, devising real estate in this State, must be recorded in this State, in order to give notice. Is there any reason why the same rule should not apply to wills in this State? Van Syckel v. Beam, 110 Mo. 589; Keith v. Keith, 97 Mo. 223.

*J. W. Hensley* for respondents.

(1)   The will of James J. Johnson was duly and legally probated, and respondents, as his devisees, thereby became vested with title to the real estate in controversy.   Rothwell v. Jamison, 147 Mo. 610; Creasy v. Alverson, 43 Mo. 13; Adm'r v. Stevenson, 54 Mo. 108.   Under the law of 1865, as now, the clerk may take the proof of last wills in vacation, in which event the court must confirm or reject, or the court may take the proof.   In this case the proof was taken in open court, and preserved by being indorsed on the will.   Here is a will proved in open court in due form, will in good form, fair upon its face, free from doubt or suspicion, followed by appointment of administrator with the will annexed, who is directed, and does not give bond as such administrator. Upon such a state of facts we have not only the presumption that the will was probated, but a record admission of it, and so it was held by this court in the case of Adm'r v. Stevenson, 54 Mo. 108.   (2)   In order to authorize the appointment of an administrator with the will annexed, it must appear, that there is a valid will in existence, which has been duly admitted to probate.   2 Am. & Eng. Ency. Law (2 Ed.), p. 789; 18 Cyc. 98 (b). (3)   The will of James J. Johnson having been proved in open court, the proof endorsed upon the will, and as we think legally probated, found in the custody of the probate court, fair upon its face and free from alterations or suspicion, and more than forty-years old was admissible in evidence as an ancient document.   17 Cyc. 443 (d).   (4)   The provisions of the law of 1865 requiring clerks of county courts to record wills was for the purpose of perpetuating the will but a failure to so record in no wise affected the validity of the will.   And under the laws of 1865 domestic wills were not required to be recorded in the recorder's office, unless they devised lands situate in different counties.   Sec. 28, chap. 131, G. S. 1865.

VALLIANT, J.—This is a suit under section 650, Revised Statutes 1899, to quiet title to the north half of the northwest quarter of section 8, township 41 north, range 5 west, in Gasconade county. Plaintiffs in their petition claim to be the owners of a remainder in fee of an undivided one-fourth of the land mentioned, subject to a life estate in their mother in that one-fourth, and they say that the defendant Burchard is the owner in fee of the other three-fourths. Thurman N. Matthews, brother to the other plaintiffs, was first made a party defendant, but on his motion was made a party plaintiff.

There is no dispute about the facts. James Johnson was the common source of title; he died in 1865, leaving a wife and four daughters, one of whom, Mary Elizabeth, is the mother of these plaintiffs. The wife is long since dead. The defendant now owns whatever title the four daughters acquired by descent as the heirs of their father James Johnson, which was the whole estate if their father died intestate. Plaintiffs claim that he died testate, and that his will has been duly probated; if that is correct, then the plaintiffs, as children of their mother, Mary Elizabeth, are entitled to a remainder in fee, subject to the life estate of their mother, contingent on surviving her. Plaintiffs introduced in evidence a paper writing purporting to be the last will and testament of James Johnson, deceased. The document appears to have been duly signed by the testator and attested by three subscribing witnesses. There is no date to the instrument, but what is claimed to be the evidence of its probate, indorsed on the back of it, is dated February 13, 1865. The instrument purports to give all the estate to his widow for life and at her death one-fourth in fee to each of the daughters except Mary Elizabeth, to whom he gives one-fourth "during her natural life and at her death to go to her bodily heirs, but if she should die without bodily heirs, it is to be di-

vided equally among the bodily heirs of my three daughters above mentioned.''

The plaintiffs are the children of Mary Elizabeth and will be her bodily heirs if they survive her; she is till living. This suit was begun in December, 1907, and tried in May, 1908, more than thirty years after the death of plaintiffs' grandfather. The administration of the Johnson estate was in the probate court of that county from 1865 to 1869. No evidence was offered at the trial to impeach the verity of the instrument offered, that is, to dispute its execution, but the defendant relied on the fact, as he contended, that it had never been admitted to probate as a will. The whole case turns on that point.

The evidence adduced by the plaintiffs to sustain their claim that the will had been probated was as follows: Written on the back of the instrument was the following:

''State of Missouri, County of Gasconade, ss.

''In the Gasconade County Court. This day personally appeared in open court William R. Douglas and William L. Walton, two of the subscribing witnesses to the foregoing instrument of writing, purporting to be the last will of James Johnson, deceased, who, being duly sworn, upon oath say that the said testator exhibited this instrument to them, which he declared to be his last will and testament, duly signed by him, that at the time of exhibiting said last will he was of sound mind and over the age of twenty-one years, and that they, at his request, and in his presence, signed said will as witnesses by subscribing their names thereto.

''WILLIAM R. DOUGLAS,

''W. L. WALTON.

''In testimony thereof, I have hereunto set my hand and affixed the seal of county court at office, this, the 13th day of February, and the year of Our Lord eighteen hundred and sixty-five.

"JAMES JOHNSON,

7

15-2-7              (Seal)

P. W. BURCHARD."

"JAS. ARROTT, Clerk.

"By D. R. O'NEIL.

The probate record of the county contains the following entry which was read in evidence: "Peter W. Burchard is by the court appointed administrator with the will annexed of James Johnson, deceased, and required to give bond as such administrator in the sum of fifteen thousand dollars. And thereupon he files his bond as such administrator, which is by the court examined and approved." The date of that record entry is not given in the record before us.

The will was never recorded in the office of the probate court. It seems to have been misplaced, and was not among the papers appertaining to the estate until sometime in 1894, when the then probate judge on making search among apparently unimportant papers, with a view of destroying what did not seem worthy to be kept, found this document in an out-of-the-way pigeon hole and on examination of it placed it among the papers of the Johnson estate and at the same time made a memorandum in the words "last will" in the index book of the probate court containing references to the papers in that estate; the memorandum was made with a pencil and was interlined. The document thereafter remained with the papers in the case and was produced from those files at the trial.

That was all the evidence adduced tending to prove that the paper writing had been probated as a will. On that evidence the trial court decided that the will had been duly probated and decreed that the plaintiffs were the owners of a remainder in fee of an undivided one-fourth of the land in question, contingent on their surviving their mother. From that judgment the defendant appealed.

In 1865 the law was: "The county court, or clerk thereof in vacation, subject to the confirmation or rejection of the court, shall take proof of last wills." [G. S. 1865, p. 529.] The law is substantially now as it was then, except that it is the probate court, not the county court, that now has jurisdiction. [Sec. 547, R. S. 1909.]

Respondents attach some importance to the fact that it is recited in the proof indorsed on the will that the witnesses appeared and the proof was taken in open court, but if that was so it should be shown by the record of the court, it could not be shown by the indorsement of the proof on the back of the will. If it was done in open court it was not done in vacation, and therefore it was not the act of the clerk but the act of the court, and the court record should show it. But whether it was done in open court or before the clerk in vacation, it was sufficient to have justified the court, if it had so adjudged, at the next or perhaps at a subsequent term, to have entered its judgment declaring the will duly probated, but that has not been done. A will cannot take effect until it is probated, and it is not probated until the court having probate jurisdiction so declares by its judgment. The proof of the execution of the will which the statute authorizes to be taken in vacation, whether by the judge or the clerk, is not conclusive until it has been confirmed by the court, and is not so binding on the court that it may not be rejected if the court should so adjudge. [Creasy v. Alverson, 43 Mo. 13; Smith v. Estes, 72 Mo. 310.] Therefore the proof which was indorsed by the clerk on the back of this document, which seems to be in due form and substance, would have been sufficient to have justified the court in adjudging the will duly probated, or if for any good reason appearing to the court it had seen fit to reject it, it would have had jurisdiction to do so.

A probate court is a court of record and it speaks

only through its record. But it has been held by this court that a presumption that a will was duly admitted to probate should be indulged under certain circumstances. Creasy v. Alverson, above referred to, was a suit for partition; on the trial one of the parties introduced in evidence a duly certified transcript of the record of the will from the office of the clerk of the county court. The transcript so offered did not contain a copy of the record of the county court showing that the will had been admitted to probate. This court, passing on that case, referred to the statute which authorized a copy of the record of the will to be read in evidence and held that the trial court under the circumstances had the right to presume, from the fact that the will had been recorded, that it had been duly probated, because the law only authorized the recording of it after it had been duly probated.

In Lackland v. Stevenson, 54 Mo. 108, the court assumed that the will in question had been duly probated, although the records of the probate court did not show that fact. The record in that case showed that the depositions of the subscribing witnesses had been taken under a commission that had issued from the county court and returned into court; an administrator with the will annexed had been appointed; the will was recorded; the administration continued several years during which the land was sold to pay debts. The records of the court in that case showed that, in the order appointing the administrator with the will annexed, it was recited that the will had been duly probated, and in the letters of administration it was recited that the will had been duly probated. There we have the proof of the execution of the will, the record entry of the appointment of the administrator with the will annexed reciting that the will had been duly executed, and the record of the will; the court held that that was a sufficient showing that the will had been duly probated.

In Rothwell v. Jamison, 147 Mo. 601, also cited by respondents, there was no record in evidence that the will had been admitted to probate, but the will had been recorded and there was a transcript of that record in evidence with the proof of the execution. It did not appear in that case that there was in fact no record of the probate of the will, but the evidence offered did not show that there was such a record. The court attached importance to the fact that the will was recorded, which act it was said the clerk could not have lawfully done until it was probated and therefore the court held that under the circumstances the presumption should be that there was such a record.

Those cases go as far to sustain the plaintiffs' theory of this case as this court has ever gone, but to fully sustain the plaintiffs' theory we would have to go one step farther. This will was never recorded, therefore it lacks that important fact which was in the cases referred to, and as the court in the case last cited held that it should be presumed that the clerk in recording the will in that case did his duty and waited until it had been probated, so the presumption in the case at bar should be that the clerk did his duty in withholding this will from record because the court had not by its judgment declared it duly probated.

Whether the parties interested could now present the will for probate or whether the record is in such a condition as would entitle them now to a judgment *nunc pro tunc,* we express no opinion, because there is no such case before us, but we do feel constrained to say that the proof adduced did not justify the conclusion that the will had been duly probated, and therefore did not justify the judgment that the respondents were entitled to the interest in the land which the judgment gives them. The judgment is therefore reversed and the cause remanded for a new trial. All concur.