VIRGINIA G. FARRIS et al. v. F. B. BURCHARD et al., Appellants.

Division One, December 2, 1914.

PROBATE OF WILL: Not Entered of Record: Order Made After Many Years: Evidence. The Revised Statutes of 1855 provided that the clerk of the county court should take the proof of wills in vacation, subject to confirmation or rejection by the court, and that when any will was exhibited, the clerk might receive the proof and grant a certificate of probate or of rejection. In 1865 a will was presented, and the proof of the subscribing witnesses was written, signed, and certified upon the will itself, which was then filed but not recorded. The court, when it met in term, made an order appointing an administrator *c. t. a.* This suit to quiet title having arisen long afterward, involving the provisions of the will, it was *held* on a former appeal that the proof did not justify the conclusion that the will had been probated. Accordingly the probate court, in 1912, ratified the proceedings of the county clerk, adjudged the instrument proved and ordered it admitted of record. The order and judgment were copied upon the will and signed by the judge. *Held*, that the instrument was thereafter, in the retrial of the suit to quiet title, properly received in evidence as the last will and testament of its signer, and that under it the plaintiffs are entitled to their interests as remaindermen.

Appeal from Gasconade Circuit Court.—*Hon. John W. Booth*, Judge.

AFFIRMED.

*August Meyer, C. G. Baxter* and *Robert Walker* for appellants.

*J. W. Hensley* for respondents.

BROWN, C.—This case is founded upon section 650 of the Revised Statutes of 1899. It was instituted in the circuit court for Gasconade county December 23, 1907, and has been once before to this court upon the appeal of defendants from a judgment in favor of the plaintiffs, which was reversed and the cause remanded for a new trial. [Farris v. Burchard, 242 Mo. 1.] The question in that appeal was whether, upon the records of the probate court for that county as they then appeared, the will of James Johnson under which the plaintiffs claim their title to an undivided fourth of the land involved, was shown to have been admitted to probate. The opinion of this court in rendering its judgment concluded as follows:

"Whether the parties interested could now present the will for probate, or whether the record is in such a condition as would entitle them now to a judgment *nunc pro tunc*, we express no opinion, because there is no such case before us; but we do feel constrained to say that the proof adduced did not justify the conclusion that the will had been duly probated, and therefore did not justify the judgment that the respondents were entitled to the interest in the land which the judgment gives them. The judgment is therefore reversed and the cause remanded for a new trial."

Upon the return of the cause to the circuit court the plaintiff Samuel Matthews appeared in the probate court and by written petition stated that he was a devisee in the will as well as heir at law of James Johnson, deceased, who died in 1864 leaving said will, which was on — day of ——, 1865, produced in the county court of Gasconade county, Missouri, having at the time probate jurisdiction, and the testimony of the subscribing witnesses thereof was duly and formally taken by the clerk of the court in vacation and in-

dorsed, with his certificate thereto, on the back of said will; that said will has since remained in the custody of the probate court, although no formal judgment of probate has been entered of record by said court, and prayed that an entry of formal judgment of probate be entered on the records of said court upon such proof. The defendant Burchard appeared, filed objections in writing, and opposed the entry of such judgment, but the court, at its August term, 1912, after reciting all the facts upon its record, ordered and adjudged that the instrument be considered proved, and adjudged the same to be the last will of said James Johnson, deceased, and ratified and confirmed the proceedings of the clerk and ordered the will to be admitted of record. A similar order and judgment was then written out and signed by the judge on said will, and it was recorded by the clerk. It also appeared upon the records of the county court that in 1865, after the presentation and proof of the will before the county clerk, Peter W. Burchard was by order of the court duly appointed administrator with the will annexed of the estate of James Johnson, deceased, and was required to give bond as such administrator in the sum of $15,000; and that he thereupon filed such bond which was by the court approved. The administration of the estate continued from the time of his appointment in 1865 until some time in 1869. The will with the proof and certificates thereon was recorded in the office of the recorder of deeds for Gasconade county on March 29, 1913. The admission of the will in evidence with these record entries constitutes the error relied on by appellant.

The paragraph in the will under which the plaintiffs claim title to an undivided fourth of the land as the only children of the testator's daughter Mary Elizabeth, who was married to one N. G. Matthews, their father, is as follows:

"I give and bequeath all my estate to the use of my wife during her natural life; at her death my estate, or one-fourth of it, to my daughter, Mary Jane; one-fourth to my daughter Susan Ann; one-fourth to my daughter Eliza Virginia; the remaining fourth to my daughter Mary Elizabeth and her bodily heirs, her husband having no control over the same. The income from the one-fourth part of my estate devised to my daughter, Mary Elizabeth, she can have the use of during her natural life, and at her death to go to her bodily heirs, but if she should die without bodily heirs, it is to be divided equally among the bodily heirs of my three daughters above named, viz.: Martha Jane Johnson, Susan Ann Johnson and Eliza Virginia Johnson."

Martha Jane afterward married one Benjamin P. Richardson, Susan Ann married one Perry A. Richardson, and Elizabeth Virginia married one J. W. Cantley. Mrs. Matthews was alive when this suit was instituted but has since died.

The defendant Burchard claims through deeds as follows: (1) deed dated March 1, 1877, from Mrs. Matthews and husband, Mrs. Cantley and husband, and Mrs. B. P. Richardson and husband to Perry A. Richardson for $150; (2) deed from Perry A. Richardson and wife to Green C. Richardson, dated August 16, 1880, and filed for record May 16, 1908, in which no consideration is expressed; (3) deed from Green C. Richardson and wife to Fred B. Burchard, dated February 28, 1884, and recorded August 12, 1884. While a consideration of $15,000 is expressed in this deed it was an advancement to the wife of defendant, who was the grantor's daughter.

It was agreed on the trial as follows: "That defendant's father-in-law Green C. Richardson was a purchaser for value of the lands described in plaintiff's petition." The record shows that the oldest child of

Mrs. Matthews, the plaintiff Virginia Farris, was born in 1868.

I. The cause was reversed in the former appeal on the sole ground that the proof adduced at the former trial did not justify the conclusion that the will of Johnson had been duly probated, and therefore did not justify the judgment that the plaintiffs were entitled to the interest in the land which it gave them. It only remains for us to determine whether or not at the last trial the evidential deficiency was supplied. It consisted solely of the absence of a formal judgment of the county court then having jurisdiction in such matters, or of the probate court which succeeded to that jurisdiction, declaring that it and been proven, or, to use a more common expression, admitting it to probate. This court declined to express an opinion as to whether or not the parties in interest could still present the will for probate, or, depending upon the record as it then stood, have judgment entered *nunc pro tunc* to that effect. The cause was remanded that the parties might proceed upon the theory so suggested, and whether the plaintiffs have now succeeded in establishing the probate of the will is the sole question before us.

II. We are not confronted with any question of laches, or failure on the part of the plaintiffs to do everything in their power to protect their own interests, for if they have lost their rights under the will it is on account of neglect of duty on the part of those charged by law with their protection, beginning before the oldest of them was born and continuing until the wrong was consummated. Nor have they neglected to avail themselves in good time of the remedy which was given them as contingent remaindermen by the Act of 1897 (R. S. 1899, sec. 650), by suing while the youngest still lacked two years of his majority, and

while the mother, the life tenant, was still living. On the other hand, there is no question of wrong to an innocent purchaser. While it is stipulated that one of those through whom the title asserted by defendant has passed was a purchaser for value of the lands described in the petition, there is nothing in the record to indicate how much he paid (his deed being silent on that question), or what he knew or did not know. In short, we find nothing in the record inconsistent with the theory that upon the death of the grandmother of plaintiffs, who had under the will a life interest in all the estate both real and personal, the surviving family determined to make the four husbands, who had then become members of it, equal, and quietly suppressed the will, and relegated it to "an old glass cupboard, amongst some school blanks and old letters and other things cast aside . . . as being apparently of no value." It seems to have been a family by which husbands were appreciated, for the title was gathered in one of them, Perry A. Richardson, before being conveyed to Green C. Richardson, and the latter conveyed it to his defendant son-in-law as a gift to his daughter. The Matthews children, to whom Mr. Johnson had done everything in his power to secure their mother's share in his estate, were ignored.

III.   Coming to the real question, whether the judgment admitting the will to probate entered in 1912 after this cause was sent down to the circuit court for retrial entitles it to be admitted as evidence of plaintiffs' title, we will first consider the statutes regulating the duties of the probate courts in such matters, by which these records must be judged. In doing this we will refer to the Revision of 1855, in force at the time. Section 14, p. 1569, is as follows: "The county court, or clerk thereof in vacation, subject to the confirmation or rejection by the court, shall take proof of last wills." Section 16 provides: "When any will is ex-

hibited to be proven, the court or clerk may immediately receive the proof, and grant a certificate of probate, or, if such will be rejected, grant a certificate of rejection." The measure of proof required from the subscribing witnesses is that the testator signed the writing as his last will, that he was of sound mind, and that they respectively subscribed their names thereto in his presence. This must be reduced to writing, signed by the witnesses and certified by the clerk (secs. 18, 21). All this was done and the proof of the will was complete, subject only to the confirmation of the court in term; so that the controversy is reduced to the question as to whether this confirmation was shown by the record introduced in the last trial, for unless such confirmation appears in the record the will is not properly before the court and the plaintiffs have failed to show any title.

There is no question but that upon taking the proof of the will as shown by his certificate in evidence, the clerk could have immediately issued in vacation, subject to the confirmation or rejection of the court, letters of administration with the will annexed under the first section of the act relating to the appointment and removal of executors and administrators. [R. S. 1855, p. 113.] It was not necessary that the will should have been recorded. Its record required no order of the court, but rested solely with the clerk, upon whom the statute imposed the duty. [Sec. 26, p. 1571.] It was required by the section last cited to be done within thirty days after probate, and is coupled in the same section with the other clerical duty to carefully file the original in his office. We can see no reason why the failure to perform either of these duties should have any more or different effect upon the validity of the proof already made than would attend such failure in case of the other.

While the clerk had the right to issue letters founded upon the probate of the will in vacation, he

did not do so, and when the court met in term it made an order appointing Burchard administrator of the estate with the will annexed. That the jurisdiction to make this order was derived from the probate of the will is evident. If the confirmation by the court of the act of the county clerk in taking and certifying the proof was necessary to its validity, it was confirmed by this appointment, which can rest on no other foundation than the will. It stands upon the same footing as would the act of the clerk in issuing ordinary letters of administration in vacation "subject to the confirmation or rejection of the court" under the first section of the administration act. If, in such a case, the act of the clerk should not be confirmed in express terms, but the administration should proceed under the direction of the court to final settlement, it would seem technical to the point of rashness to say that all the proceedings would be void, and afford no protection to the actors because the failure of the court to enter a formal order of "confirmation" had been equivalent to the rejection of the clerk's appointment. The same words are used with reference to the probate of wills by the clerk in vacation, and the same reason exists why it should continue in effect until rejected by the court. [Potter v. Adams' Executors, 24 Mo. 159, 163.] When the administrator was appointed and had given bond it became his duty (sec. 16, p. 115) to "faithfully execute the last will of the testator, pay the debts and legacies, as far as the assets will extend and the law directs." We will presume, in the absence from the record of anything to the contrary, that during the entire period of the administration he faithfully performed these duties, and although the personal estate must have been considerable, as indicated by the amount of the bond exacted from him, that he delivered it all, after the payment of the debts, to the widow, the sole legatee. This having been done, we see no reason

why, upon the death of the widow, the estate should be diverted from the testamentary channel.

IV. This will has, during all the time that has elapsed since it was presented to the clerk of the county court for probate soon after the death of the testator, been in the custody provided by law for that purpose. So far from evidence having been lost or its production impeded or embarrassed, the very testimony which the law has prescribed as the best evidence of its execution has been perpetuated and certified in such form that it cannot be separated from the instrument. So far as its having been concealed or kept from the notice of those interested, it will be presumed that they were given the opportunity to execute its provisions. [R. S. 1855, p. 114, sec. 10.] Under these circumstances we have no doubt of the power of the court to enter a judgment in form confirming the act of the clerk and establishing the will as it did at its August term, 1912. No Statute of Limitations applies to and bars the right of the court to put in proper form at any time that which appears from its records to have been done and to have been imperfectly or informally recorded. [Martin v. Brown, 162 Mo. App. 223, 228; Dawson v. Waldheim, 89 Mo. App. 245; Hansbrough v. Fudge, 80 Mo. 307; Smith v. Steel, 81 Mo. 455.] The same rule ordinarily applies to those cases in which nothing remains for the court to do but to enter the particular judgment which the law prescribes upon the facts appearing in its record. In this case both these conditions exist. The statutory evidence is taken and certified to the court without any word or fact tending to impair its statutory effect. The statutory judgment was then due without any further proceeding. The matter was still pending for that purpose. It was not formally entered, but the court did make an order which confirmed the probate of the will by adopting and acting upon it, and we have no

doubt that the clerk might and should have then entered on his minutes words equivalent to the statement that *the probate of the will was confirmed* and Peter W. Burchard appointed administrator with the will annexed of the estate. This case in its facts illustrates the two classes of cases which mark the distinction between the power of the court upon notice and with due regard for intervening rights to pronounce and enter the judgment of the law upon the facts which should conclude a pending proceeding, notwithstanding it may have been delayed beyond the usual time for doing so, and its power to scan its record to ascertain from it what judgment it has pronounced and to correct any failure of the clerk to properly enter it. In this particular case a judgment of probate entered upon either theory must, from its nature, relate not only to the date of the pronouncement but to the date of the death of the testator, so as to prevent a hiatus in the title to the property of which it disposes. Even the appointment of the administrator necessarily relates to the same period. [3 Redfield on Wills (3 Ed.), 46.] For this reason it make no difference in its effect whether we call it an original judgment or a judgment *nunc pro tunc* under the classification we have suggested. It clearly falls, however, within the latter class. [Hansbrough v. Fudge, supra; Smith v. Steel, supra.]

It follows from what we have said that the judgment of August 26, 1912, probating the will under which the plaintiff claim was properly admitted in evidence, and the judgment of the circuit court is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Brown, C., is adopted as the opinion of the court. All the judges concur.