MIKE CALLAHAN, EDWARD CALLAHAN, AGNES HAUSNER and MARY O'BRIEN, Appellants, v. JOSEPH HUHLMAN, MARGARET HUHLMAN and TELITHA CALLAHAN.—98 S. W. (2d) 704.

Division One, November 12, 1936.

*H. BalkenBush* for appellants.

*H. P. Lauf, John O. Bond* and *Ben Holmes* for respondents.

BRADLEY, C.—This is a will contest. The cause was filed in Phelps County and went on change of venue to Maries County. The court, at the close of the whole case, directed a verdict for defendants, proponents of the will, judgment went accordingly and plaintiffs, contestants, appealed.

William Callahan, testator and resident of Phelps County, executed the will in question June 13, 1932, and died November 6, 1932. Contestants, brothers and sisters, are nephews and nieces of testator. Defendant, Margaret Huhlman, is a niece of testator and defendant, Joseph Huhlman, is the husband of Margaret and executor under the will. Defendant, Telitha Callahan, is the widow of testator, who died without descendants.

Inventories of the estate were introduced which showed a total of $17,654.28. By the will, testator gave to each of his five nephews and nieces the sum of $200, and "all the rest and residue and balance," both real and personal, was devised to his wife, Telitha, "for and during her natural life, remainder in fee and by the entirety to his niece, Margaret Huhlman and her husband, Joseph.

The petition charges lack of mental capacity to execute the will and undue influence on the part of the widow and the Huhlmans. Several assignments are made, but the only point necessary to consider is whether or not the will was *probated* in the probate court, and if it was not, are contestants in a position to complain? Plain-

tiffs allege that "on or about the 15th day of November, 1932, there was *admitted to probate* in the probate *court* (italics ours) of Phelps County, Missouri, a certain paper writing purporting to be the last will and testament of said William Callahan, which said paper writing is in words and figures as follows:" Then the will is set out in full. Defendants in their answer admit that "on or about the 15th day of November, 1932, there was presented to the probate *court* of Phelps County, Missouri, a paper writing purporting to be the last will and testament of the said William Callahan, deceased, which paper writing was on the 15th day of November, 1932, duly *admitted to probate* by said court." (Italics ours.)

At the outset of the trial, defendants, proponents of the will, used the witnesses to the will, introduced the will and the record in the office of the probate court pertaining thereto, and on this record the controversy lies. This record recites: "Now, on this 15th day of November, 1932, *in vacation, before the Judge*, comes Joseph Huhlman and proves to the Judge that William Callahan departed this life in Phelps County, Missouri, on the 6th day of November, 1932, with his domicile in Phelps County, Missouri, and presents an instrument of writing purporting to be the last will and testament of said deceased, and asks that the same be admitted to probate. And after having examined said instrument and having heard the testimony of Charles C. Smith and J. R. Kirkham, the subscribing witnesses to said instrument in relation to the execution of the same, the *Judge* does declare and adjudge said instrument to be the last will and testament of the said William Callahan, deceased, late of Phelps County, Missouri, and the same is hereby admitted to probate and together with the testimony of the subscribing witnesses is ordered certified, filed and recorded." (Italics ours.)

By Section 528, Revised Statutes 1929 (Mo. Stat. Ann., sec. 528, p. 322), it is provided that "the probate court, or the judge or clerk thereof in vacation, subject to the confirmation or rejection by the court, shall take proof of last wills, and of the date of the death of the testator." There was no order of confirmation by the probate court. So far as appears here, all that occurred in the probate *court*, concerning the probate of the will, was as appears above. As shown, plaintiffs alleged that the will was duly probated and such was admitted in the answer of defendants. However, defendants did not invoke the pleadings as an admission that the will was duly probated November 15, 1932, and let it go at that, but they proceeded to introduce the record which showed that the will was not duly probated on that date. By doing this defendants contradicted and destroyed the admission in the pleadings that the will was duly probated on that date. The petition alleges, as appears above, that the will was "admitted to probate" November 15, 1932, when the record introduced by defendants showed that there was not and could not

have been a valid judgment of probate on that date. Also, it appears that defendants, without objection, introduced the will in evidence. Plaintiffs say they did object to the introduction of the will on the ground that it had not been probated, but they admit that the bill of exceptions does not show such objection. Manifestly, in this situation, there was no objection so far as shown by the record. However, plaintiffs say that the circuit court had no jurisdiction to render a judgment, adjudging the paper writing introduced in evidence to be the last will and testament of William Callahan, and this, because the paper writing had not been probated and found to be such will. ■ It is elementary that a question of jurisdiction of the subject matter can be raised at any time and cannot be waived. A will contest suit must be filed in the circuit court, Section 537, Revised Statutes 1929 (Mo. Stat. Ann., sec. 537, p. 326), and in the county where the will is sought to be probated. [Hyde v. Parks, 221 Mo. App. 675, 283 S. W. 727.] But the jurisdiction of the circuit court to entertain a will contest is derivative, that is, in the nature of an appeal from the probate court. [Hyde v. Parks, supra; Johnson v. Brewn, 277 Mo. 392, 210 S. W. 55, 56; Dickey v. Malechi, 6 Mo. 177, 186, 34 Am. Dec. 130; Benoist v. Murrin, 48 Mo. 48, 52; State ex rel. v. Imel, 243 Mo. 180, 186, 147 S. W. 989; State ex rel. v. Guinotte, 156 Mo. 513, 519, 57 S. W. 281, 50 L. R. A. 787.]'' ''If any person desires to appeal from the action of the probate court in the probating or rejection of a will, he must do so 'by petition to the circuit court.' '' [Hyde v. Parks, supra.]

In effect, in the present case, it is conceded that there was no confirmation by the probate court, in term time, of the proceedings had before the judge, in vacation, relative to the probating of the will in question, therefore, the will was not probated. [Smith v. Estes, 72 Mo. 310; Barnard v. Bateman, 76 Mo. 414; Snuffer v. Howerton, 124 Mo. 637, 28 S. W. 166; Rothwell v. Jamison, 147 Mo. 601, 1. c. 610, 49 S. W. 503; Farris v. Buchard, 242 Mo. 1, 1. c. 8, 145 S. W. 825.] And not having been probated, the will has never yet become effective. [Farris v. Buchard, supra.] Since the contest of a will, or a suit to establish a will in the circuit court after rejection in the probate court is to be considered, in effect, as an appeal from the probate court, it follows that there could be no jurisdiction in the circuit court to entertain such suit or appeal until there is a *judgment,* probating or rejecting the will in the probate court. In the situation here the will in question, with no confirmation in term time (and assuming there will be none) of the proceedings had in vacation of the probate court, would not have the status and standing of a *probated will* until after the lapse of ten years from the date of such vacation proceedings. [Sec. 529, R. S. 1929, Mo. Stat. Ann., sec. 529, p. 323.] Probating a will in the probate court is a judicial

act, Smith v. Estes, supra, and if the proceedings to probate are had in vacation, there can be no judgment, in the probate court, that the will presented is the will of the testator until such vacation proceedings are confirmed in term time, and the omission to confirm in term time may be corrected at any subsequent term, provided there be sufficient and proper record, files, etc., to justify correction. [Farris v. Burchard, 262 Mo. 334, 171 S. W. 361.]

The question for determination in the probate court, in a proceeding to probate a will, is whether or not the paper presented is the will it purports to be, and such is the question in a will contest suit in the circuit court. [Sec. 537, R. S. 1929, Mo. Stat. Ann., sec. 537, p. 326.] And the circuit court has no jurisdiction to determine such question until the probate *court* has determined it one way or the other, and since, in the present case, the probate *court* has not determined that the paper writing presented to the judge in vacation was the last will and testament of William Callahan, deceased, the circuit court had no jurisdiction to determine the question. In other words, a will cannot be *probated* in the first instance in the circuit court. Defendants contend that plaintiff contestants cannot be heard to say on this appeal that the will was not properly probated, when no such question was raised below by the pleadings or otherwise. As supporting this contention defendants cite Gordon v. Burris, 141 Mo. 602, 43 S. W. 642; Hogan v. Hinchey, 195 Mo. 527, 94 S. W. 552; Schneider v. Kloepple, 270 Mo. 389, 193 S. W. 834. In the Gordon case it appears that the will "in due time was probated in common form, by the probate court of the county," and there was no such question as here. In the Hogan case contestant had stipulated that she would "no longer contest," and in consideration of this promise, defendants agreed to make "no further or additional costs in said action, except such as may be necessary to the formal proof of said will in the Circuit Court of Clinton County." At the trial the proponents of the will called the two subscribing witnesses and then a Catholic priest who wrote the will and who was present when it was executed. Contestants objected to the priest testifying. In considering that case the court stated that a contestant in a will case, who participates in the trial "and the verdict on the evidence is against her, so far as she is concerned, she is not entitled to a reversal for alleged error in admitting testimony unless the record in the appellate court shows that the *point* was properly presented to the trial court and preserved in the bill of exceptions." (Italics ours.) It is true that the question in the present case was not "presented to the trial court," but the question here is not similar to the question in the Hogan case. The language in any opinion must be construed in the light of the facts of the particular case. Procedural errors may be waived, not preserved, etc., but not so as to a question of jurisdiction of the subject matter.

The Schneider case was to quiet title. The land in question was owned, at the time of his death, by William Brink, who died testate and without issue. The will devised the real estate "to my wife, Anna Maria Brink, to use as she pleases, and at her death what remains is to go to the St. Joseph Catholic Orphan Asylum in St. Louis, Missouri." The testator died in 1883. The wife, Anna, prior to her death, conveyed 160 acres of the land in trust for a boy she was rearing, but at her death in 1912, 150 acres remained undisposed of by her. She died testate and without issue, and in her will, expressed the wish that "my husband's will should be executed according to his intention." Plaintiffs claimed "title by descent as the heirs at law of Anna Maria Brink." Defendants claimed by purchase from the managers of the Roman Catholic Orphan Asylum of St. Louis, as the owner of the property of the St. Joseph Catholic Orphan Asylum of St. Louis. On appeal defendants (who lost below) contended that the will of William Brink was improperly admitted in evidence on the ground "that it had not been shown that it was admitted to probate." This objection appeared for the first time in the brief, and the court disposed of the point by saying that "no objection having been made and preserved as now contended, it cannot be effectively interposed at this time." But in that case there was no question of jurisdiction of the subject matter and the will was involved only as a matter of evidence in the procedural course of defendants to establish their title, and the Schneider case is not in point.

. "A suit to contest a will, brought by a party in interest, the petition stating a cause of action, cannot be dismissed without an adjudication upon the will. The filing of such suit has the effect of vacting the *judgment* (italics ours) of the probate court admitting the will to probate, leaving the will unproven unless and until established by the judgment of the circuit court." [Smith v. Smith, 327 Mo. 632, 37 S. W. (2d) 902, 1. c. 904, and cases there cited.] But in the present case there was no *judgment* in the probate *court* "admitting the will to probate," hence the filing of this cause did not *vacate* any *judgment* of the probate court.

The judgment of the circuit court should be reversed and the cause remanded with direction to dismiss the cause for want of jurisdiction. It is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.