In re the ESTATE of Pearl I. HORTON, Deceased.

Sandra SHUEY, Plaintiff–Respondent,

v.

Lee Roy WILLARD, Individually and as Executor of the Estate of Pearl I. Horton, Deceased, Defendant–Appellant.

No. 11481.

Missouri Court of Appeals, Southern District, Division Three.

Oct. 15, 1980.

Kenneth A. Wagoner, Moore & Brill, West Plains, for plaintiff–respondent.

Harold L. Henry, Henry, Henry & Henry, West Plains, for defendant–appellant.

PREWITT, Judge.

Respondent is the residuary legatee of Pearl I. Horton's will. Mrs. Horton, respondent's grandmother, died January 1, 1978. On March 20, 1978, respondent filed a petition to remove appellant as executor of the estate pursuant to § 473.140, RSMo 1969. In that petition respondent alleged that appellant is a nonresident of Missouri and also was "unsuitable to serve as Executor . . . as he has an interest adverse to that of the Estate." The same day respondent filed a "PETITION TO DETERMINE TITLE TO PERSONAL PROPERTY", apparently under § 473.340, RSMo Supp.1975, contending that decedent owned a mobile home which appellant had not included in the estate. Both pleadings were filed in the Probate Court of Oregon County, Missouri, where the decedent's estate was pending.

On April 1, 1978, by verified application pursuant to § 473.340.2, RSMo Supp.1975, respondent asked the probate court to certify to the circuit court the petition to determine title to the mobile home because of the probability that any judgment rendered by the probate court would be appealed to the circuit court. On April 10, 1978, the probate court certified that petition to the circuit court. After asking for and receiving leave of the circuit court to amend, respondent filed in the circuit court, on November 22, 1978, a "FIRST AMENDED PETITION", in two counts. Count I asked the court to determine the ownership of the mobile home as between the estate and appellant, individually, and Count II asked that appellant be removed as executor. On December 20, 1978, respondent filed a disqualification of the probate judge of Oregon County "as to her Petition to Remove Executor". On December 28, 1978, the probate judge disqualified and certified that petition to the circuit court. On May 14, 1979, appellant filed his "ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION" admitting that respondent was the granddaughter of the deceased and the residuary legatee under her last will and that he was appointed as executor. He denied the remaining allegations.

After non–jury trial, a judgment was entered in favor of respondent on both counts, the judgment declaring that the mobile home was the property of the decedent and should be included as a part of her estate. It also awarded the estate $500 from appellant individually as damages for the wrongful detention of the mobile home and removed appellant as executor.

Appellant's first point contends that the circuit court erred in entering the judgment because the probate court had exclusive jurisdiction over the subject matter "of both counts of the lawsuit". The record of the case does not reveal that this question was raised or any objection was made to the jurisdiction of the circuit court before this appeal. However, because lack of jurisdiction over the subject matter can be asserted

at any time, we consider this point. See *Callahan v. Huhlman*, 339 Mo. 634, 98 S.W.2d 704, 706 (1936); *Plant v. Haynes*, 568 S.W.2d 585, 587 (Mo.App.1978).

While the probate court might have had exclusive original jurisdiction over the actions, the circuit court thereafter acquired jurisdiction. The circuit court acquired jurisdiction to determine the ownership of the mobile home by the probate court's certification under § 473.340.2, RSMo Supp.1975. It acquired jurisdiction over the proceedings to remove appellant as executor by respondent's disqualification of the probate judge and that judge's certification pursuant to § 472.060, RSMo 1969. Respondent was entitled to disqualify the probate judge on the petition to remove the executor and have that matter certified to the circuit court, which thereafter would have jurisdiction. *Phillips v. Blessing*, 127 S.W.2d 62, 63 (Mo.App.1939); See also 3 Maus, Missouri Practice, § 488. No specific deficiency in the proceedings by respondent and the probate court to have these matters certified to the circuit court is advanced by appellant and those proceedings appear adequate to us.

The circuit court did not acquire jurisdiction of the action to remove appellant until over two months after respondent's amended petition, but appellant answered and proceeded to trial after the matters contained in both counts were properly pending in the circuit court. The trial judge announced before the trial commenced that both matters were going to be heard. Whether they were heard on respondent's original pleadings or the amended petition is not clear. The parties each presented evidence regarding both questions. While jurisdiction of the subject matter is not waived, procedural errors may be if not preserved. *Callahan v. Huhlman*, supra, 98 S.W.2d at 707. We should not consider nonjurisdictional matters that might have been cured if raised in the trial court. See *Hart v. Skeets*, 346 Mo. 1118, 145 S.W.2d 143, 145 (1940). The circuit court acquired jurisdiction over both matters and we do not see how it was divested of that jurisdic-

tion by the premature pleading there of the action to remove appellant as executor. It had jurisdiction over these actions at the time of the trial and judgment. Point one is denied.

Appellant's second point claims that the judgment was against the weight of the evidence and the trial court erroneously declared and applied the law for several reasons. He contends under this point that the trial court erred in determining that the estate was the owner of the mobile home and that he had no interest in it. His claim to the mobile home is based upon a "LEASE AGREEMENT" entered into by appellant and his wife as "Lessors" and the decedent and her husband as "Lessees". Decedent's husband predeceased her. The agreement provided that for one dollar per year the lessees could lease certain land in Oregon County, Missouri, owned by lessors and that "any permanent buildings, fixtures and improvements made or erected by them on the premises herein leased shall become a part of the real estate and be the absolute property of the Lessors upon the termination of the lease." Appellant contends that the mobile home became a permanent building, fixture or improvement and thus belonged to him and his wife. The Missouri certificate of title for the mobile home was in the name of the decedent. If this mobile home became a part of the real estate it did so by becoming a fixture. A fixture is an article of personal property which becomes annexed to the real estate and is regarded as a part of the land. *Marsh v. Spradling*, 537 S.W.2d 402, 404 (Mo.1976). The principal elements to consider in determining if a chattel has become a fixture are: "(1) the annexation; (2) the 'adaption' of the article to the location; and (3) the intent of the annexor at the time of the annexation." Id. Of these elements, intention is of paramount importance. *Leawood National Bank of Kansas City v. City National Bank & Trust Company of Kansas City*, 474 S.W.2d 641, 644 (Mo.App.1971).

The mobile home was put on the property and used as a residence by Mrs. Horton and her husband. The evidence showed that it

was not attached to any permanent foundation. The wheels were removed but the axles were not and the mobile home was placed on concrete blocks. "Skirting" was added around the underneath, and for safety and insurance reasons it was secured with cables. The mobile home could be removed by putting the wheels back on the axle, removing the cables and skirting, and disconnecting the utilities. It was not converted to realty pursuant to § 700.110, RSMo Supp.1976.

Intentions in this context are generally shown by acts and conduct and not by any secret intention. *Marsh v. Spradling*, supra, 537 S.W.2d at 404. We think the manner of securing the mobile home on the property is an indication that it was not intended to be placed there permanently. It was placed there in a manner where it could be moved without undue effort and there was evidence that it could be moved with no significant damage to the real estate. Under these facts it seems unlikely that Mrs. Horton and her husband would have intended that the mobile home be permanently affixed to the real estate and thus lose their right to it when they might later have wished to move and take it with them. Mrs. Horton's will, made after they moved on the premises, treated it as hers to dispose of and requested that it be sold by the estate. The law looks with favor upon the right of a tenant to remove articles furnished or installed by him for the purpose of his occupancy even though they may ordinarily be termed fixtures. *Handlan v. Stifel*, 232 S.W. 245, 246 (Mo.App. 1921); 35 Am.Jur.2d, Fixtures, § 34, pp. 726–727. When an annexation is made by a tenant and is such that the chattel may be removed without material injury to the realty, there is a presumption that he did not intend to make a permanent annexation to the real estate but intended to reserve to himself the title to the chattel annexed. *Handlan v. Stifel*, supra, 232 S.W. at 246; 35 Am.Jur.2d, Fixtures, § 35, pp. 727–728. We conclude that the evidence was sufficient for the trial judge to find that the mobile home did not become a part of the realty and that it was a part of Mrs. Horton's estate.

Appellant also contends that the trial court erred in assessing damages in favor of the estate and against him for $500 as damages for the wrongful detention of the mobile home. He contends that because there was a "legal question" as to the ownership of the mobile home there was no wrongful detention. That there was a "legal question" or appellant's "good faith" are not exceptions to assessing damages for wrongful detention under § 473.340.3, RSMo Supp.1975. There was evidence that the mobile home was worth $6,500 at the time it could have been sold, pursuant to decedent's will, had appellant considered it a part of the estate. At the time of trial it was valued at $6,000. We think that was sufficient evidence to support the court's determination that appellant caused the estate $500 in damages by wrongful detention of the mobile home.

Under this point appellant claims that his wife should have been a party defendant because she was a party to the lease with decedent and her husband and was a "co–owner of the land on which the mobile home is situated". The record does not show that this contention was raised either in the probate or circuit court. Because that was not done, appellant has waived his right to complain of nonjoinder in this court. *In re Estate of Fugett*, 564 S.W.2d 628, 630 (Mo.App.1978); *Matter of Estate of Stickler*, 551 S.W.2d 944, 949 (Mo. App.1977); *Grundel v. Bank of Craig*, 515 S.W.2d 177, 180–181 (Mo.App.1974). Good reasons exist for requiring such matters to be raised in the trial court as under Rule 52.04, V.A.M.R., an action is not necessarily dismissed for failure to join a joint owner. See *Kingsley v. Burack*, 536 S.W.2d 7 (Mo. banc 1976).

Appellant also contends that the trial court erred by removing him as executor. We believe the trial court's action was correct. One of the grounds alleged for removal was that appellant was a nonresident of Missouri. Generally a nonresident is not entitled to be appointed as an executor.

§ 473.117.1, RSMo 1969. The probate court is authorized to revoke the letters granted to one who "becomes a nonresident of this state". § 473.140, RSMo 1969. On examination by his attorney appellant acknowledged that he "returned to Illinois" and "reestablished a legal residence there". That and other testimony of appellant and his wife lead us to believe that appellant was a nonresident of this state and that his removal was justified. No findings of fact were requested or made and the trial court did not state if it found that appellant was a nonresident. All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *Alexander v. Sagehorn*, 600 S.W.2d 198, 200 (Mo.App. 1980). The trial judge will be affirmed if correct on any reasonable theory supported by the evidence. *Rollins v. Schwyhart*, 587 S.W.2d 364, 368 (Mo.App.1979). Point two is denied.

The judgment is affirmed.

BILLINGS, P. J., and MAUS and GREENE, JJ., concur.