MARY E. HART, by her next friend, GLADYS KNAEBEL, v. ALFRED SKEETS, Appellant.—145 S. W. (2d) 143.

Division Two, December 3, 1940.

*Mitchel J. Henderson, Thos. E. Deacy* and *Henderson, Deacy, Henderson & Swofford* for appellant.

1120

*Edgar J. Keating* and *Robert B. Vaughan* for respondent.

1122

TIPTON, J.—This is an action for personal injuries which resulted in a jury verdict for the appellant. The trial court sustained respondent's motion for a new trial on the ground, among others, that the court erred in excluding from the evidence subdivision B of Section 43, as revised by Ordinance No. 2340, Revised Ordinances of Kansas City, Missouri. From this order granting a new trial the appellant has duly appealed to this Court.

The respondent was a passenger in an automobile which collided with another automobile driven by the appellant. The collision occurred at the intersection of Thirteenth Street and Troost Avenue in Kansas City. Respondent sought to recover damages for personal injuries which she received as a result of the collision. There was evidence that the appellant drove his car into this intersection at a rate of speed of 35 miles per hour. The respondent's amended petition contained the charge "that he (appellant) negligently drove and operated his said automobile at a dangerous and excessive rate of speed under the circumstances then and there existing."

At the close of respondent's evidence the following occurred:

"MR. VAUGHN: That is all of our witnesses, if the Court please. Plaintiff offers in evidence sub-division 'B' of Section 43 as revised by Ordinance No. 2340, Revised Ordinances of Kansas City, Missouri, and offers to read the following part of it to the jury: 'Any person who violates the foregoing basic rule or who drives or operates a vehicle at a rate of speed in excess of that indicated as follows, shall, upon conviction, be punished as provided in Section 11 of this Code. Said indicated speeds are as follows: Sub-division "B": Upon approaching within fifty feet of, and in traversing an intersection of a street, except that upon traveling upon boulevard or through street, the traffic controlling intersection speed shall control. No. 1 is twenty miles an hour.' I want to read that to the jury.

"MR. DEACY: Defendant objects to the offer for the reason that no ordinance of Kansas City is plead.

"THE COURT: Sustained.

"MR. VAUGHAN: We are offering this evidence to the fact that 35 miles an hour speed through an intersection is negligence.

"MR. DEACY: I still object to it. It isn't properly in evidence unless pleaded.

"THE COURT: Sustained.

"MR. KEATING: Plaintiff rests."

The appellant frankly admits in his brief that "this, of course, under the Missouri law, was not a proper ground for objection." It is unnecessary to plead an ordinance where it is used merely as evidence, and the cause of action is not based on a violation thereof. [Bailey v. Kansas City, 189 Mo. 503, 87 S. W. 1182; Collins v. Leahy, 102 S. W. (2d) 801.]

But appellant contends that the trial court erred in sustaining respondent's motion for a new trial. "Since the trial court sustained defendant's (appellant's) objection to plaintiff's (respondent's) offer of Section 43, Ordinance 2340 and excluded it from the evidence this action of the trial court should not be disturbed upon the motion for a new trial . . . if plaintiff's (respondent's) offer was not proper for any reason regardless of the grounds stated in defendant's (appellant's) objection."

To sustain his position, appellant relies upon the rule announced in the case of Connor v. Black, 119 Mo. 126, l. c. 135, 24 S. W. 184:

"The rule has long been well settled in this State by an unbroken line of decisions that where the evidence offered is admissible for any purpose, such objections are too general and should not be sustained. The ground of the objections under such circumstances should be specific, so that when the attention of the court is called to them the objections may be obviated, if possible to do so. [Margrave v. Ansmuss, 51 Mo. 561; Public Schools v. Risley, 40 Mo. 358; Clark v. People's Loan Co., 46 Mo. App. 248.] But, where the evidence offered is inadmissible for any purpose, a different rule prevails, and a general objection as to its admissibility on the ground that it is incompetent, immaterial and irrelevant, is sufficient. [State v. Meyers, 99 Mo. 107; Alcorn v. Railroad, 108 Mo. 81.]"

Again, in the case of Crow, Hargadine & Co. v. Stevens & Mitchell, 44 Mo. App. 137, l. c. 140, the Court of Appeals said:

. "The plaintiffs' counsel contend that the ground of the objection to the admission of these documents does not appear, and hence the court erred in excluding them. This is a misconception of the law. Where evidence is admitted against an objection, and error is claimed on that account, it should appear by the record that a specific objection was made which the court erroneously disregarded, but where evidence is excluded, it will suffice that it affirmatively appears by the record that it was incompetent or irrelevant regardless of the form of the objection thereto."

■ Since the record shows the trial court sustained the motion for a new trial because it erred in sustaining appellant's objection to this ordinance, the legal effect of this ruling would be the same as if the trial court had overruled his objections. As it is admitted that the objection was not proper, it follows under the above authorities that the ordinance should be admitted, unless it was incompetent, immaterial and irrelevant for any purpose.

■ Then the only question that could rightfully be considered by this Court is: Did the ordinance tend to prove any issue in the case?

The appellant contends that .the ordinance is incompetent, immaterial and irrelevant and did not tend to prove any issue. in this case because "there is no evidence in the record that this accident did not occur upon a boulevard or through street, in which event the 20 mile per hour speed specifically would not apply."

As we read the record, there was no contention made in the trial court that these two streets were boulevards or through streets. Since the trial court sustained respondent's motion for a new trial, the burden is upon the appellant to show this ruling is error. [Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S. W. (2d) 548.] He has not sustained that burden on this point. To sustain his

position appellant should affirmatively show that the street on which he was driving was a boulevard or a through street. This he has not done. Respondent had evidence that appellant was traveling 35 or 40 miles per hour as he went through this intersection. The ordinance in question limited the speed through this intersection to 20 miles per hour. It was admissible as evidence that appellant was operating his car at a negligent rate of speed in support of the common law allegation contained in the petition.

■ Appellant also contends that the respondent's offer of the ordinance does not comply with Section 1663, R. S. Mo. 1929, which provides:

"Printed copies of the ordinances . . . of any city or incorporated town in this state, purporting to be published by authority of such city . . . and manuscript or printed copies of such ordinances . . . certified under the hand of the officer having the same in lawful custody, with the seal of such city or town annexed, shall be received as evidence in all courts . . . without further proof; and any printed pamphlets or volume, purporting to be published by authority of any such town or city, and to contain the ordinance . . . of such town or city, shall be evidence, in all courts and places within this state, of such ordinances . . ."

We have just ruled that under the state of the record in this case, the only question open to the appellant was whether the ordinance in question tended to prove any issue in the case. But assuming that this point is properly before us, we would be forced to hold that the appellant cannot ambush either the trial court or respondent. Appellant cannot for the first time in this court question the methods of proof of the ordinance, this for the reason that the respondent is entitled to an opportunity to amend her offer and prove the ordinance by one of the methods mentioned in Section 1663, supra. "It is an established general rule that an appellate court will not consider objections raised for the first time on appeal concerning matters which, if raised in the lower court, might have been cured by amendment." [Hartford Fire Ins. Co. v. Bleedorn, 132 S. W. (2d) 1066, l. c. 1070.]

From what we have said, it follows that the order of the trial court sustaining the respondent's motion for a new trial should be affirmed. All concur.