**Paul G. ORLOFF, Respondent,**

**v.**

**Virgil O. FONDAW, Appellant.**

No. 22734.

Kansas City Court of Appeals.

Missouri.

June 2, 1958.

Donald G. Stubbs, Kansas City, Mc-Kenzie, Williams, ·Merrick, Beamer & Stubbs, Kansas City, for appellant.

John L. Sheridan, John R. Baty, Pew, Taylor, Sheridan & Baty, Kansas City, for respondent.

HUNTER, Judge.

This is an appeal by Virgil O. Fondaw, defendant-appellant, from a judgment in accordance with the jury's verdict for $4,-500 in favor of Paul G. Orloff, plaintiff-respondent, in an action for damages for personal injuries.

On August 22, 1955, about 5:00 p. m. in the intersection at 17th and Locust Streets in Kansas City, Missouri, the automobiles of plaintiff and defendant collided. Plaintiff was driving his automobile in a southerly direction on Locust Street. Defendant was driving his automobile in a westerly direction on 17th Street. Other than the two drivers there were no witnesses to the accident. Each testified somewhat differently as to how it occurred, and we briefly summarize their testimony.

According to plaintiff's version he was traveling south on Locust Street at about 20 miles per hour. His left car wheels were approximately 2 feet from an imaginary center line of Locust Street. As he approached the intersection of 17th and Locust Streets, plaintiff applied his brakes and slowed his car down to about 5 to 10 miles per hour. A brick building on the northeast corner of the intersection partially obscured vision across that corner. Plaintiff estimated that the front of his car was about even with the south edge of this building when he first observed defendant's automobile approaching from the east, some 80 or 90 feet east of the intersection. Plaintiff then looked to his right and thereafter looked again to his left or to the east. At that time defendant's automobile was only about 25 feet or so from the east curb line of Locust and was traveling about 35 miles per hour. Plaintiff's car was then entering the intersection. ·Plaintiff immediately slammed on his brakes and brought his car to a complete stop just before the impact. The right front of defendant's car collided with the center of the side of plaintiff's car.

Defendant's version of the accident was that he was driving west on 17th Street at approximately 25 miles per hour. As he approached the intersection he slowed to approximately 15 miles per hour. He looked to his left (south) and saw there was no northbound traffic coming on Locust Street. He then looked to his right (north) and saw plaintiff's automobile approaching. Defendant testified his automobile was al-

ready in the intersection at the time he looked to his right and first observed plaintiff's automobile. At that particular instant plaintiff's car was still north of the intersection and about 10 feet north of the sidewalk line and was traveling at a speed of approximately 25 miles per hour. It maintained that approximate speed to the very point of the collision. Defendant on seeing plaintiff's approaching car immediately applied his brakes and was almost stopped when the collision occurred.

The collision occurred at the intersection of defendant's westbound traffic lane and plaintiff's southbound traffic lane, and apparently each car had continued in its own proper lane until they came together. It was an uncontrolled intersection.

Plaintiff submitted his case and his instructions on the theory that while plaintiff was in the intersection defendant entered the intersection at a rate of 15 miles per hour and operated it (therein) at a rate of speed that was dangerous and excessive under the circumstances, and failed to keep and maintain a vigilant lookout. Defendant endeavored to submit his case on the theory that his automobile had reached the intersection first, thereby had the right-of-way, and that plaintiff was contributorily negligent in failing to yield the right-of-way.

The trial court refused to give defendant's offered instruction, Number 12, and this refusal is one of the two contentions of error defendant makes on this appeal. The other contention of error concerns certain testimony given by plaintiff's doctor relating to "history" plaintiff gave his doctor.

The instruction which defendant offered and which the trial court refused to give is as follows:

"The Court instructs the jury that if you shall believe and find from the evidence that the automobile operated by the defendant reached the intersection mentioned in evidence before the automobile operated by the plaintiff reached such intersection and that such automobiles did not reach the intersection mentioned in evidence at approximately the same time, then you are instructed that it was the duty of the plaintiff to yield the right of way to the defendant.

"You are further instructed that if you believe and find from the evidence the facts to be as submitted to you in the first paragraph of this instruction and if you further believe and find from the evidence that the plaintiff did not yield the right of way at such intersection to the defendant and that such failure on the part of the plaintiff was negligence and directly contributed to cause the collision mentioned in evidence, then in such event you are instructed that the plaintiff cannot recover in this action and your verdict should be in favor of the defendant regardless of every other fact and circumstance in the case."

Plaintiff's position is that this instruction was properly refused for the reason that it fails to correctly set out the applicable legal principles, and that the trial judge may properly refuse an instruction which is not correct in all respects. Defendant's position is that the instruction is substantially correct and as applied to the facts of this case was a proper presentation of the matter to the jury.

Plaintiff refers to Section 304.021 RSMo 1949, V.A.M.S. which reads: "1. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which *has entered* the intersection from a different highway, provided however, there is no form of traffic control at such intersection." (Emphasis ours.) Plaintiff says that the requested instruction fails to follow the statute in that instead of requesting the jury to find which automobile "has entered the intersection" first, it predicates the requested finding on which automobile *reached* the intersection first

■ It is well settled that a party is entitled to have his own theory of the case submitted to the jury by instructions provided the instructions are within the pleadings and evidence and are correct in both form and substance. Under such circumstances a defendant has the same right to submit his side of the case to the jury as the plaintiff has. Johnson v. Hurck Delivery Service, 353 Mo. 1207, 187 S.W.2d 200, 202; Borgstede v. Waldbauer, 337 Mo. 1205, 88 S.W.2d 373; 1 Raymond, Missouri Instructions, sec. 39, page 43.

■ It is equally well settled that trial courts may not be convicted of error in refusing to give an instruction which is not substantially correct in both form and substance even though the giving of such instruction would not be reversible error. McCarthy v. Sheridan, 336 Mo. 1201, 83 S.W.2d 907, 911; Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 996, 125 A.L.R. 674; Hertz v. McDowell, en Banc, 358 Mo. 383, 214 S.W.2d 546; Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129.

Thus, the question presented is, was the offered and refused instruction substantially correct in form and substance and, therefore, a fair, clear and understandable submission of the issue to the jury.

■ The instruction does not follow the exact language of the statute which requires the driver of a vehicle approaching an intersection to yield the right-of-way to a vehicle which has *entered* the intersection. In this respect it is subject to criticism. It, of course, would not be subject to this particular criticism if at the *two* places where the word "reached" was used, the word "entered" had been used and the one place where the word "reach" was used the word "enter" had been used in lieu thereof. Nonetheless, we have concluded that as applied to the facts of this particular case it is substantially correct in form and substance and would not misdirect, mislead or confuse the jury.

According to the testimony of defendant which plaintiff adopted in his instructions and submission of the case the automobile of defendant entered the intersection at a speed of 15 miles per hour. Thus under all the evidence it is apparent that for all practical purposes when defendant's automobile *reached* the intersection it also then *entered* the intersection. The questioned instruction required the jury to find that defendant's automobile not only reached the intersection first but also that the two automobiles did not reach the intersection at approximately the same time in order for plaintiff to be under the duty to yield the right-of-way to defendant. Giving to the language of the instruction its plain and ordinary meaning the jury must of necessity find that defendant's vehicle in fact *both* reached and entered the intersection first in order for it to have the right-of-way. This meets the requirements of the statute necessary to impose on plaintiff the duty to yield the right-of-way to defendant.

■ Plaintiff also suggests the instruction is erroneous in that it gives the defendant an unqualified right-of-way through the intersection, irrespective of existing conditions and regardless of lack of lawful conduct on defendant's part, citing such cases as Wilson v. Toliver, 365 Mo. 640, 285 S.W.2d 575, Burke V. Renick, Mo.App., 249 S.W.2d 513; and McCombs v. Ellsberry, 337 Mo. 491, 85 S.W.2d 135. We agree with the principles of law announced in these cases. Some involve situations where the plaintiff or party seeking recovery is claiming the right-of-way, and that party's verdict directing instruction had the effect of giving him an unqualified right-of-way and thus a right to recover regardless of any contributory negligence or failure to exercise the highest degree of care on his part. They recognize that it is the duty of a motorist approaching, entering and proceeding through an intersection to continue to exercise the highest degree of care under the circumstances even though he apparently has the right-of-

way. See Witt v. Peterson, Mo.Sup., 310 S.W.2d 857, and cases cited therein. Others involve instructions that had the effect of directing a verdict for defendant on a finding that he had the right-of-way without regard to any negligent conduct on his part. What was said in them was not in reference to any question of contributory negligence on plaintiff's part. Such situations are entirely different from the situation where it is the defendant who is endeavoring to defend against recovery by plaintiff by a properly raised claim that plaintiff is guilty of contributory negligence. If the pleading and evidence warrant it, a defendant is entitled to have submitted in the instructions the issue of plaintiff's contributory negligence as a defense to plaintiff's recovery regardless of any issue of defendant's own negligence. For a defendant admittedly may be negligent and still prevent plaintiff's recovery because of plaintiff's contributory negligence.

◾ Defendant testified he entered the intersection first and was in it when he observed plaintiff's car approaching from the north and still some 10 feet north of the sidewalk line. It was his theory and defense that plaintiff was contributorily negligent in failing to yield the right-of-way. He sought to submit this defense to the jury by the requested instruction. As we view the instruction it was substantially correct in form and substance and clearly and fairly would present that issue to the jury under the facts of this case. See, Jones v. Rash, Mo.Sup., 306 S.W.2d 488. There is no evidence in the case that the manner of approach or the speed of defendant's car was such as to require our consideration whether the statutory rule of right-of-way is inapplicable or possibly forfeited. Cf. Creech v. Blackwell, Mo. Sup., 298 S.W.2d 394; Cooksey v. Ace Cab Co., Mo.Sup., 289 S.W.2d 40, 45–46; and, generally, Fisher, Right of Way in Traffic Law Enforcement, pages 216–226. Defendant was entitled to have the offered instruction given, and failure to give it was error materially affecting the merits of the action. Section 512.160 RSMo 1949, V.A.M.S.

Since this cause must be remanded for a new trial for the erroneous refusal to give defendant's requested instruction, it is not necessary to consider defendant's other claim of error in the admission in evidence of plaintiff's doctor's testimony concerning the "history" given him by plaintiff of past pain and suffering and some of the circumstances of the accident. Suffice it to say that plaintiff's counsel may have an erroneous conception of the applicable rule, and a reading of the following cases should prevent possibility of error in that repect on a new trial. See, Huffman v. Terminal Railroad Ass'n of St. Louis, Mo. Sup., 281 S.W.2d 863; Gladney v. Mutual Life Ins. Co. of New York, Mo.App., 186 S.W.2d 538; Corbett v. Terminal Railroad Ass'n of St. Louis, 336 Mo. 972, 82 S.W.2d 97; Holmes v. Terminal Railroad Ass'n of St. Louis, 363 Mo. 1178, 257 S.W.2d 922; Magill v. Boatmen's Bank, 288 Mo. 489, 232 S.W. 448; Kenney v. J. A. Folger Co., Mo.App., 192 S.W.2d 73.

For the reasons given, the judgment is reversed and the cause is hereby remanded for a new trial. It is so ordered.

All concur.