Barbara SORRELL, by next friend,
Sherman Sorrell, Appellant.

v.

Marilyn H. HUDSON, Respondent.

No. 47554.

Supreme Court of Missouri,

Division No. 2.

May 9, 1960.

1

**2**

Rubins, Kase & Rubins, Arthur J. Kase, Kansas City, for appellant.

Alder & Morrison, John J. Alder, Wiley W. Morrison, William B. Miller, Kansas City, for respondent.

BOHLING, Commissioner.

Barbara Sorrell, by her next friend Sherman Sorrell, her husband, sued Marilyn Hudson for $10,000 damages for injuries received in an intersectional automobile collision. The verdict was for the defendant. Plaintiff appeals and contends the court erred in giving an instruction on behalf of defendant and in excluding a certain ordinance offered in evidence by plaintiff.

The collision occurred about 8:20 a. m. April 8, 1957, at the intersection of Bell and 38th streets in Kansas City. Plaintiff was about 18 and her husband was about 22 years old. They had lived in Kansas City for two or three months. Bell is a north-south street, 28 feet wide, and 38th is an east-west street, 26 feet wide. Each is a two-way street. The intersection is not controlled by any traffic signals or signs. At uncontrolled intersections the city speed limit was 20 miles an hour. The curbs of both streets fanned out, widened and extended back several feet beyond a projection of their respective between-street curb lines at each corner of the intersection. See Wilson v. Toliver, 365 Mo. 640, 285 S.W.2d 575, 579[1]. The automobiles involved

were Ford passenger cars, about 6 feet wide and 18 feet long.

Plaintiff and her husband were southbound on Bell. Defendant was eastbound on 38th. Plaintiff was looking at a map and did not see defendant's car until the collision. It is downgrade on Bell as one proceeds south to 38th street, and cars parked at the west curb of Bell, a terrace, a hedge and a house at the northwest corner obstructed the view of the drivers. This review is presented on the theory the speed of each car was 20 m. p. h., although there was testimony that Mr. Sorrell entered the intersection at 25 to 30 m. p. h. Mr. Sorrell testified that he looked in both directions as he approached the intersection; that he did not see defendant's car until he was 10 feet in the intersection; that defendant's car was about 20 feet west of the intersection; that, believing if he tried to stop he would stop in the path of defendant's car, he speeded up to get across and out of the intersection and did not brake or swerve his car. Defendant was to the right of the Sorrell car. She testified that she first saw the Sorrell car, coming down the center of Bell street, when she was about 3 feet west and it was about 3 feet north of the intersection; that she immediately applied her brakes and swerved to the left but the extreme right front of her car struck the right rear, back of the tire, of the Sorrell car, turning it around in a clockwise turn; that she had reduced her speed to 5 or 7 m. p. h., and that her car stopped with the impact, headed northeast, in the northeast quadrant of the intersection.

Plaintiff questions defendant's sole cause instruction, being instruction No. 5, on the grounds (1st) the instruction misdirected the jury by reason of the use of the word "approach" instead of the word "enter" in the paragraph hereinafter quoted and (2nd) failed to inform the jury that plaintiff's driver's negligence could not be imputed to plaintiff.

The instruction first informed the jury that drivers of automobiles upon public streets are required to exercise the highest degree of care. Then followed the questioned paragraph, reading:

"You are further instructed that under the law of Missouri, when two motor vehicles *approach* an uncontrolled intersection at approximately the same time, the driver of the vehicle on ·the left shall yield the right of way to the driver of the vehicle on the right." (Emphasis supplied.)

The "fact finding" portion of the instruction immediately followed and required the jury to find that plaintiff's driver (1) negligently failed to keep a careful lookout "as he neared, closely approached and entered said intersection," and (2) negligently failed to exercise the highest degree of care "in approaching and entering said intersection at an excessive rate of speed under the circumstances," and (3) if the two cars "reached said intersection at approximately the same time," plaintiff's driver negligently "failed to yield the right of way to the automobile on the right," and, in addition, (4) that plaintiff's driver was negligent in such respects and (5) such negligence directly caused plaintiff's injuries, and (6) that defendant was not negligent as submitted by the instructions of the court. This instruction required the jury to find that the submitted facts constituted negligence. We also note that among the findings submitted in plaintiff's verdict directing instruction was a finding that defendant negligently failed "to keep a careful lookout" for southbound traffic "either entering said intersection or in close proximity thereto and about to enter said intersection."

Plaintiff invokes the following statutory provision: "When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the driver of the vehicle on the right. * * *" Laws 1953, p. 593, § 304.020, subd. 17; 1957 Supp. RSMo § 304.021, subd. 2, V.A.M.S. The corresponding provisions of § 304.020, subd. 12, RSMo 1949, V.A.M.S., prior to its reenact-

ment by Laws 1953, supra, provided that the operator of a motor vehicle had the right of way over an operator of another motor vehicle "who is approaching from the left on an intersecting highway * *. The right of way shall mean the right to proceed when two or more vehicles will reach such intersection at approximately the same time."

Plaintiff's complaint would fall had the word "enter" been used instead of "approach"; and defendant contends, in the circumstances of record, the use of the word "approach" did not misdirect, mislead or confuse the jury and the instruction was not reversibly erroneous.

■ Plaintiff stresses what is said about the word "approaching" unduly extending the imminent peril zone in a plaintiff's humanitarian instruction in Buehler v. Festus Mercantile Co., 343 Mo. 139, 119 S.W.2d 961, 970[12]. We are here concerned with primary negligence only, and the Buehler case does not establish error. Note what is said about the word "approached" in a humanitarian submission not misleading the jury in Hillhouse v. Thompson, 362 Mo. 700, 243 S.W.2d 531, 538, and cases there cited. The general observation: "But an instruction which incorrectly states the law is obviously ground for reversal," in Carson v. Baldwin, 346 Mo. 984, 144 S.W.2d 134, 136[8], cited in plaintiff's reply brief, was made in considering an abstract statement of law based upon a statute held to be unconstitutional, a situation not existing under the present record. We do not construe the Carson case as holding every instruction which contains an abstract statement that does not precisely state the law results in reversible error. Consult section 512.160, subd. 2 RSMo 1949, V.A.M.S.

The refusal of a defendant's similar instruction submitting a plaintiff's contributory negligence and using the word "reached" instead of the statutory word "entered" in, section 304.021, subd. 1, supra, was held error in Orloff v. Fondaw, Mo.

App., 315 S.W.2d 430, the court considering the instruction substantially correct in form and substance and a fair, clear, and understandable submission of the issue under the facts of record.

■ This case is submitted here on the theory each automobile approached the intersection at a speed of 20 m. p. h. Plaintiff's driver testified he did not brake or swerve his car, but speeded up to cross the intersection ahead of defendant. Under defendant's evidence both automobiles were 3 feet from the intersection at the same instant. Each was then approaching and for all practical purposes entering the intersection. A ruling that an instruction is not reversibly erroneous under a given record is not an approval of the language used in the instruction. The trial court considered the instruction not prejudicially erroneous when it overruled plaintiff's motion for new trial. The case is a simple one, involving easily understood issues of primary negligence within the common knowledge of jurors. We approve the trial court's ruling. The Orloff case, supra; Stewart v. Boring, Mo., 312 S.W.2d 131, 134.

■ Our holdings are that it is not necessary for a sole cause instruction to inform the jury that the negligence of the driver of an automobile is not to be imputed to his guests, and plaintiff's contention to the contrary is overruled. Clemons v. Becker, Mo., 283 S.W.2d 449, 452[7], citing Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S.W.2d 54, 58[4]; Shields v. Keller, 348 Mo. 326, 153 S.W.2d 60, 64[6]; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, 372[11, 12]. The earlier cases cited by plaintiff (Decker v. Liberty, Mo., 39 S.W.2d 546, 547[2, 3]; Crowley v. Worthington, Mo., 71 S.W.2d 744, 746[1]) containing observations supporting plaintiff's position have been, in effect, disapproved. The Stanich case, and see the Mendenhall case, supra. Plaintiff made no submission on humanitarian negligence, and her citation of Hickerson v. Portner, Mo., 325 S.W.2d 783, 787[4], has no application

here. Plaintiff's instruction No. 2 expressly stated that any negligence on the part of the driver "would not in law be imputable to" plaintiff, and the issue was properly presented. The Stanich case, supra.

■ The following occurred at the close of plaintiff's case:

"Mr. Kase: I would like to offer to read into evidence as part of the plaintiff's case Section 31–22.1—Right of Way between vehicles approaching or entering the intersection the driver of the vehicle entering the intersection shall yield the right-of-way to a vehicle that has entered the intersection. These are the Revised Ordinances of the City of Kansas City, Missouri as adopted in force on July 1, 1952, and controlling vehicular traffic at 38th and Bell at the time of this accident. This is material to the issues of this case and it goes to the negligence of the defendant. Mr. Alder: That is objected to, your Honor, counsel has not pleaded it. The Court: Sustained. Mr. Kase: With that the plaintiff rests."

Plaintiff says the court erred in its ruling.

Said § 31–22.1 is not set out in the transcript, but, as quoted in plaintiff's brief, reads: "Right of Way Between Vehicles Approaching or Entering Intersection. The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time, the driver of the vehicle on the left shall yield to the driver on the right."

Defendant's position is that plaintiff made no competent offer of the ordinance and the court's ruling, being correct when made, should be sustained. She does not question holdings that ordinance provisions bearing on an issue of pleaded common law negligence and properly offered in evidence are not subject to the objection interposed by counsel. Hart v. Skeets, 346 Mo. 1118, 145 S.W.2d 143, 144[1]; McPherson v. Premier Service Co., Mo.App., 38 S.W.2d 277, 278 [1]; Floyd v. St. Louis Pub. Serv. Co., Mo., 280 S.W.2d 74, 77[1, 2]. In the above cases, cited by plaintiff, the competency of the offer was not an issue on appeal.

Plaintiff says defendant may not interpose the grounds set forth in her brief to sustain the trial court's action as had they been interposed at the trial she could have made a more formal offer of proof, citing Hartford Fire Ins. Co. v. Bleedorn, 235 Mo. App. 286, 132 S.W.2d 1066[1], which is quoted in the Hart case, 145 S.W.2d loc. cit. 145. The situation differs here. The trial court in the Hart case granted a new trial on the ground it had erred in sustaining defendant's objection based on plaintiff's failure to plead the ordinance, and we held (145 S.W.2d 145 [2] ) the granting of the new trial had the same legal effect "as if the trial court had overruled" defendant's objection. In the case before us the trial court denied plaintiff's motion for new trial. This distinction is recognized in the Hart case, Ibid., quoting Crow, Hargadine & Co. v. Stevens & Mitchell, 44 Mo.App. 137, loc. cit. 140: " 'Where evidence is admitted against an objection, and error is claimed on that account, it should appear by the record that a specific objection was made which the court erroneously disregarded, but where evidence is excluded, it will suffice that it affirmatively appears by the record that it was incompetent or irrelevant regardless of the form of the objection thereto.' "

■ Section 490.240 RSMo 1949, V.A. M.S., is to the effect, broadly stated, that printed copies of ordinances purporting to be published by authority of the city or copies of ordinances duly certified are to be received as evidence without further proof. The record fails to establish that plaintiff attempted to prove the ordinance by any of the methods authorized by section 490.240, or by a competent witness to identify the ordinance or by other proper means. Offering an ordinance by reading it differs from an offer by means of statements of conclusions by counsel. If plain-

**6**

tiff's offer was intended to be a reading of the ordinance, the ordinance quoted in his brief discloses it was a misquotation of the ordinance. Mabry v. Swift & Co., Mo. App., 145 S.W.2d 163, 166[5], states: "Before we can convict the trial court of error in refusing to hear testimony on the question of the control of the means by the defendant, it is necessary for plaintiff to show that he made an unsuccessful offer of proof tending to establish material facts bearing on the question. [Citing cases.] The offer must have been of specific facts and not consist of a mere statement of conclusions of counsel. [Citing cases.]" The second sentence of the ordinance as quoted in plaintiff's brief did not bear on any negligence of the defendant, as defendant was to the right of the Sorrell car. It has been stated: "[I]f any part of the offer was incompetent the court properly ruled out all of it." The Mabry case, supra [7]. Ensminger v. Stout, Mo.App., 287 S.W.2d 400, 407[9]; Gore v. Whitmore Hotel Co., 229 Mo.App. 910, 83 S.W.2d 114, 119[14].

 If one litigant is to be held to the objection interposed in the trial court in considering alleged error in admitting evidence upon appeal, the adversary litigant should be held to his offer of proof when the trial court sustains the objection and overrules his motion for new trial. The trial court was not required to receive in evidence an unauthorized publication of or a copy of a purported ordinance not properly identified and adequately offered. Plaintiff had the burden of establishing reversible error upon her appeal. The record before us does not affirmatively establish that the trial court erred in excluding the ordinance and in overruling plaintiff's motion for new trial; and the fact that an unsound reason was advanced by counsel does not make the court's ruling erroneous. Eller v. Crowell, Mo., 238 S.W.2d 310, 313 [2]; St Louis Gaslight Co. v. American Fire Ins. Co., 33 Mo.App. 348, 378; Cain v. St. Louis Pub. Serv. Co., Mo.App., 59 S.W. 2d 734, 738[8].

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court.

LEEDY, P. J., STORCKMAN and EAGER, JJ., and HUNTER, Special Judge, concur.