Nellie FUERST, (Plaintiff) Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, and Howard P. Mullins, and Graybar Electric Company, a Corporation, Defendants,

St. Louis Public Service Company, a Corporation, Appellant.

No. 31150.

St. Louis Court of Appeals.

Missouri.

May 21, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied June 25, 1963.

Don R. Williams, St.Louis, for appellant.

Gregg Wm. Keegan, St. Louis, John E. Bardgett, Clayton, for respondent.

J. MORGAN DONELSON, Special Judge.

Nellie Fuerst brought suit against the St. Louis Public Service Company, Howard P. Mullins, and Graybar Electric Company, for personal injuries resulting from an intersectional collision on December 29, 1960, in the City of St. Louis, Missouri. Plaintiff was a passenger aboard a westbound motorbus operated by defendant St. Louis Public Service Company on Arsenal Street, which runs in an east-west direction. Defendant Mullins was employed by and was driving a northbound automobile, on company business for defendant Graybar Electric Company, on Louisiana Avenue, which runs in a north-south direction. On trial after verdict a judgment was rendered for plaintiff in the sum of $4,500 against defendant St. Louis Public Service Company. The jury found for the other two defendants and against plaintiff. No appeal was taken by plaintiff, but in due time defendant St. Louis Public Service Company, hereinafter referred to as Service Company, perfected its appeal.

Plaintiff's petition for damages pleaded primary negligence and humanitarian negligence, but she submitted her case on only one ground of negligence, that of failure to keep a proper lookout. Defendants, except for some formal matters, which were admitted, separately answered with general denials. No contributory negligence, ordinance or violation thereof concerning any stop sign, street, or right of way, was pleaded in defense by any of the defendants, including Service Company. No affirmative defenses were raised in any of the pleadings.

Evidence presented at the trial justifies the following statement of facts necessary for an understanding of this case and its disposition herein:

There were stop signs which regulated north-south traffic on Louisiana Avenue at the intersection with Arsenal Street. There were no traffic controls on Arsenal Street. The bus was westbound in the traffic lane next to the middle line of Arsenal Street, which is 36 feet wide. A bus stop or zone was located on Arsenal Street across the intersection of Louisiana Avenue and Arsenal Street. Approximately 25 feet east of the east curb line of Louisiana Avenue, the bus started to pull or veer to the right to cross the intersection to the bus zone when the collision occurred. The right front corner of the bus collided in the intersection with the last two feet on the right side of the automobile.

The evidence was in conflict as to whether or not defendant Mullins stopped for a stop sign for northbound Louisiana Avenue traffic at Arsenal Street before entering the intersection. Defendant Mullins said he stopped, but two other witnesses said he did not. There was also conflicting evidence as to distances, speeds, and stopping distances involved.

The evidence presented by plaintiff supports her submission to the jury on the issue of negligence for failure to keep a proper lookout, and that said negligence resulted in injury to plaintiff. These issues are not contested here, and a detailed account of the evidence relative to these issues is not necessary.

During the defense of the case by Service Company, it offered Article V, Sections 33 and 35, of Ordinance No. 46687 of the City of St. Louis, which deal with stop signs, the duty of drivers to obey said signs and to yield the right of way. Counsel for co-defendants objected to its introduction on the grounds that the ordinance was not pleaded and that there was no cross-claim against co-defendants. The trial court sustained the objection. Later, Service Company again offered the ordinance and again, on objection, it was excluded by the court. Still later, Service Company again requested that the ordinance be admitted and read in evidence as a part of its defense. Counsel for co-defendants made the following objection:

"MR. GOODWIN: I object to it for the reason it is irrelevant and immaterial and improper, is an improper submission against this defendant. It is not pleaded and it comes as a surprise at this point to the defendants Mullins and Graybar Electric Company, and for the further reason the ordinance is not relevant or material to any issue submitted to the jury in this case."

Counsel for plaintiff made the following objection:

"MR. BARDGETT: I join in the objection, Your Honor, for the reason it is irrelevant and immaterial and no foundation has been laid for its submission.

"THE COURT: The objection will be sustained."

The Service Company then made an offer of proof of the ordinance, which was denied by the court.

Defendants Mullins and Graybar Electric Company offered no evidence and stood on their motion for a directed verdict.

Appellant Service Company complains that the action of the trial court in denying the admission into evidence of the ordinance was prejudicial to it and its defense that co-defendants failed to stop at the stop sign at the intersection of Louisiana Avenue and Arsenal Street and were the sole cause of the accident and injury to plaintiff. Respondent plaintiff urges, however, that the ordinance and its violation were not pleaded, and that no request was ever made to amend its pleadings to include the ordinance. She also urges that this is not a situation where the ordinance would be evidence of common law negligence. In effect plaintiff

urges that the ordinance and any violation thereof constituted an affirmative defense and must be set forth in Service Company's pleadings and cannot be admitted into evidence under a general denial.

 Should the ordinance be excluded because it was not pleaded? We think not. The general rule is that when a party asserts and bases his claim upon an ordinance, it must be set forth in the pleading, and the same is true if a defendant desires to justify an act done by him under an ordinance. Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331, 91 S.W. 527. Neither of these situations apply in this case. By its answer defendant Service Company asserts no counterclaim or crossclaim, and it did not seek to justify or admit any act on its part which caused injury to plaintiff under the ordinance. Service Company asserted it was not liable under its general denial. It sought to prove that third parties, Mullins and Graybar Electric Company, were negligent in failing to obey the stop sign and yield the right of way, and that their negligence was the sole cause of the accident and injury to plaintiff. The ordinance was a vital and necessary part of that proof. A sole cause defense is not an affirmative defense and need not be pleaded. Wiseman v. Jackson, Mo.App., 309 S.W. 2d 356; Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853; State ex. rel Wells v. Mayfield, 365 Mo. 238, 281 S.W.2d 9; Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W. 2d 461. Defendant Service Company therefore was not required to plead the ordinance in question or the violation thereof. It likewise is not required to plead a sole cause defense affirmatively. The ordinance could be and was to be used merely as evidence in support of its defense. The trial court therefore should not have sustained an objection on the ground that the ordinance was not pleaded by defendant Service Company, and that it was incompetent, irrelevant, and immaterial, and no foundation for its admission. The latter objection is too general and should not be sustained, except where said evidence is inadmissible for any purpose. We find it was admissible for the purpose outlined above. Hart v. Skeets, 346 Mo. 1118, 145 S.W.2d 143; Collins v. Leahy, Mo.App., 102 S.W.2d 801; Ayres v. Keith, Mo.Sup., 355 S.W.2d 914.

The cause is reversed and remanded for a new trial.

RUDDY, Acting P. J., and JACK P. PRITCHARD, Special Judge, concur.

ANDERSON, J., not participating.